IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DAVID MICHAEL SOWERS, ) | Case No. 07-50121 |
| ) | |
| Debtor. ) | |
| ) | |

## MEMORANDUM OPINION

This matter came before the Court for hearing on June 20, 2007 upon the Objection filed by Melissa Kay Sowers ( "Mrs. Sowers") on March 29, 2007 to the value of certain real property in the schedules of the above-referenced debtor (the "Debtor"). Specifically, Mrs. Sowers objected to the Debtor's valuation of real property located at 960 Ridings Road, Lewisville, NC (the "Property").[1] At the hearing, Stephen D. Ling represented the Debtor, A. Carl Penney represented Mrs. Sowers, and Edwin H. Ferguson, Jr. was present in his capacity as the Chapter 7 trustee.

Based upon a review of the Objection to Valuation, the evidence and arguments presented at the hearing, and a review of the entire official file, the Court hereby makes the following findings of fact and conclusions of law.

### FACTS

The Debtor filed this Chapter 7 case on January 25, 2007. In his bankruptcy petition, the Debtor valued the Property, which consists of a home and a lot, at $110,300.00, which is the

---

[1] The Objection also objects to the Debtor's claimed exemption of his one fifth interest in a limited liability company named Soble Group LLC, but that portion of the Objection was later withdrawn.

current tax value of the Property. The Debtor listed the market value of the Property as $110,500.00 on his Claim for Property Exemptions. On the petition date, the Property was encumbered by a first deed of trust in the amount of $71,680.00 and a second deed of trust in the amount of $28,558.

An initial hearing on the Objection was held on April 18, 2007. Mrs. Sowers argued that the tax value of the Property (i.e., $110,300.00) did not reflect its true value because it did not include the additions made to the house from 2000 through 2006, nor did it include the value of an outbuilding on the Property. Mrs. Sowers contended that the Property is worth at least $180,000.00. The Court continued the hearing to June 20, 2007, to allow the parties to obtain appraisals of the Property.

At the hearing on June 20, 2007, both the Debtor and Mrs. Sowers testified. Mrs. Sowers presented pictures of the Property and an appraisal valuing the Property at $142,000.00 using a sales comparison approach. The Debtor presented the property tax bill showing a value of $110,300.00. He also presented an appraisal valuing the Property at $90,000.00.

## ANALYSIS

The issue before the Court involves a determination of the value of the Property as of the petition date. In discussing the proper means to value property, the Supreme Court concluded that property should be valued based on a replacement valuation standard. See Associates Commercial Corp. v. Rash, 520 U.S. 953, 965 (1997). The Court concluded that "the value of the property retained . . . is the cost the debtor would incur to obtain a like asset for the same proposed use." Id. A replacement value standard accurately reflects the loss of value of the collateral from deterioration by extended use and more accurately gauged the debtor's proposed

use of the property.  See id. at 962-63.  The replacement value is not what it would cost for the debtor to purchase the product brand new, but it is the price that a willing buyer in the debtor's trade, business, or situation would pay a willing seller to obtain property of like age or condition.  See id. at 959 at n.2.  The Court reasoned that a bankruptcy court, as the trier of fact, must determine whether the replacement value was the equivalent of retail, wholesale, or some other value based on the type of debtor and the nature of the property.  See id. at 965 at n.6.  Several courts have applied the Rash valuation standard to real property.  See, e.g., Dowdy v. Bank of America, No. 05-0552, slip op. at 2 (D. Md. 2005)(2005 WL 2290278); In re Bishop, 339 B.R. 595, 598 (Bankr. D.S.C. 2005).

    The Debtor testified that he thought that the value of the Property was the same as its tax value on the petition date, which was $110,300.00, but that after his appraisal, he believed it to be worth the same amount as the appraisal he obtained, which was $90,000.00.  The Debtor further testified that the Property needed some repairs and that the addition to the house was considerably unfinished and that it could be considered no more than unfinished attic space.

    Mrs. Sowers testified that the house was in good condition and that the improvements could be finished with a minimum amount of work.  She further testified that the Property is worth much more than the $142,000.00 appraisal that she presented into evidence. Weighing the testimony of the Debtor and Mrs. Sowers, and analyzing the appraisals, the rest of the evidence, and the arguments of counsel, the Court finds and determines that the value of the Property is $142,000.00.

    This memorandum opinion constitutes the Courts' findings of fact and conclusions of law.  A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DAVID MICHAEL SOWERS, ) | Case No. 07-50121 |
| ) | |
| Debtor. ) | |
| _____) | |

**PARTIES IN INTEREST**

David Michael Sowers

Melissa Kay Sowers

Stephen D. Ling, Esquire

Michael D. West, Esquire

Edwin H. Ferguson, Jr., Esquire